Official Form B1, P1, 12-03

| UNITED STATES BANKRUPTCY COURT Northern | DISTRICT OF Illinois | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (If individual, enter Last, First, Middle) :<br>Stirn, Leonard R. | Name of Joint Debtor (Spouse) (Last, First, Middle) :<br>Stirn, Tammi L. |
|---|---|
| All Other Names used by debtor in the last 6 years<br>(include married, maiden and trade names) :<br>Leonard Stirn | All Other Names used by joint debtor in the last 6 years<br>(include married, maiden and trade names) :<br>Tammi Stirn |
| Last four digits of Soc. Sec. No/Complete EIN or other Tax I.D. No.<br>(If more than one, state all) : XXX-XX-3895 | Last four digits of Soc. Sec. No/Complete EIN or other Tax I.D. No.<br>(If more than one, state all) : XXX-XX-7281 |
| Street Address of Debtor (No. and street, city, state, zip) :<br><br>201 Seton Place<br>Streamwood IL 60107-1730 | Street Address of Joint Debtor (No. and street, city, state, zip) :<br><br>201 Seton Place<br>Streamwood IL 60107-1730 |
| County of Residence or of the Principal Place of Business :<br>Cook | County of Residence or of the Principal Place of Business :<br>Cook |
| Mailing Address of Debtor (If different from street address) :<br>SAME | Mailing Address of Joint Debtor (If different from street address) :<br>SAME |

| Location of Principal Assets of Business Debtor    NOT  APPLICABLE<br>(If different from addresses listed above) |
|---|

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|

Venue: (Check any applicable box)
- [x] Debtor has been domiciled or has had a residene, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

| **Type of Debtor** (Check all applicable boxes) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| [x] Individual(s)  [ ] Railroad<br>[ ] Corporation  [ ] Stockbroker<br>[ ] Partnership  [ ] Commodity Broker<br>[ ] Other | | [ ] Chapter 7  [ ] Chapter 11  [x] Chapter 13<br>[ ] Chapter 9  [ ] Chapter 12<br>[ ] Sec. 304-Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| [x] Consumer/Non-business  [ ] Business | [x] Filing fee attached. |

**Chapter 11, Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

[ ] Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtore is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

| **Statistical/Administrative Information (Estimates Only)** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Blumberg Excelsior, Publisher, NYC 10013

Official Form B1 P2, 9-01

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Leonard R. Stirn |

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>Northern District of Illinois | Case Number:<br>03-49930 | Date Filed:<br>12/11/2003 |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge:<br>Pamela S. Hollis |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

/s/ Leonard R. Stirn

Signature of Debtor

/s/ Tammi L. Stirn

Signature of Joint Debtor

Telephone Number (if not represented by attorney)
Date: 06/15/05

### Signature of Attorney

/s/ Dennis G. Knipp

Signature of Attorney for Debtor(s)

Dennis G. Knipp          ARDC#1491628

Printed Name of Attorney for Debtor(s)
Dennis G. Knipp

Firm Name:
PMB 142, 8926 N. Greenwood Ave.

Address:
Niles, IL  60714

847-562-0729

Telephone Number:
Date: 06/15/05

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12 or 13, United States Code, and have explained the relief available under each such chapter.

/s/ Dennis G. Knipp          06/15/05

Signature of Attorney for Debtor(s)          Date

---

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### Signature(s) of Debtor(s) (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

Signature of Authorized Individual

Print or Type Name of Authorized Individual

Title of Authorized Individual by Debtor to File this Petition
Date:

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address:

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

Signature of Bankruptcy Petition Preparer
Date:

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Leonard R. Stirn        SS # XXX-XX-3895        Chapter  13
Tammi L. Stirn          SS # XXX-XX-7281

**Continuation Page**
**Voluntary Petition,  Form B1,  Page 2**

**Prior Bankruptcy Cases Filed Within Last 6 Years**

**Location**
**<u>Where Filed</u>**
**Chicago**
**Northern District of Illinois**
**Eastern Division**

| <u>Case #</u> | <u>Judge</u> | <u>Chapter</u> | <u>Date Filed</u> |
|---|---|---|---|
| 03-49930 | The Honorable Pamela S. Hollis | 13 | 12/11/2003 |
| 97-03681 | The Honorable Ronald Barliant | 7 | 02/07/1997 |

Blumberg Excelsior, Publisher, NYC 10013



Form B6 SUM W (11-95)

## UNITED STATES BANKRUPTCY COURT  Northern      DISTRICT OF  Illinois

In re: Leonard R. Stirn
      Tammi L. Stirn                              Debtor(s)   Case No.

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once.  A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 140000.00 | | |
| B - Personal Property | x | 5 | 5200.00 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 131315.67 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 4 | | 24744.33 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I - Current Income of Individual Debtor(s) | x | 1 | | | 2847.00 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 2347.00 |
| Total Number of Sheets of All Schedules | | 17 | | | |
| Total Assets | | | 145200.00 | | |
| Total Liabilities | | | | 156060.00 | |

**Form B6 A W (12-98)**

Blumberg Excelsior, Publisher, NYC  10013

In re: Leonard R. Stirn                                    Debtor(s)  Case No.                    (if known)
       Tammi L. Stirn

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Debtor's Residence: Single Family Dwelling 201 Seton Place Streamwood, IL 60107-1730 | Ownership Interest | J | 140,000.00 | 131,315.67 |
| | | Total -> | $140,000.00 | (Report also on Summary of Schedules) |

Blumberg Excelsior, Publisher, NYC 10013

**Form B6 B W (11-95)**

In re:  Leonard R. Stirn
Tammi L. Stirn                                    Debtor(s)     Case No.                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | Cash on Hand ($694.00 Advanced as Legal Fees and Court Filing Fees to Dennis G. Knipp) | | 1,000.00 |
| 02 Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | x | | | |
| 03 Security Deposits with public utilities, telephone companies, landlords and others. | x | | | |
| 04 Household goods and furnishings including audio, video, and computer equipment. | | TV and Furniture | | 1,200.00 |
| 05 Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->    2,200.00

_____ Continuation sheets attached

Blumberg Excelsior, Publisher, NYC  10013

**Form B6 B W (11-95)**

In re:  Leonard R. Stirn                    Debtor(s)    Case No.                    (if known)
        Tammi L. Stirn

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 06 Wearing apparel. | | | | |
| | | Clothing | | 500.00 |
| 07 Furs and jewelry. | x | | | |
| 08 Firearms and sports, photographic and other hobby equipment. | x | | | |
| 09 Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10 Annuities. Itemize and name each issuer. | x | | | |
| 11 Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | x | | | |
| 12 Stock and interest in incorporated and unincorporated businesses. Itemize. | x | | | |
| 13 Interest in partnerships or joint ventures. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->          2,700.00

_____ Continuation sheets attached

**Form B6 B W (11-95)**   Blumberg Excelsior, Publisher, NYC  10013

In re:  Leonard R. Stirn                    Debtor(s)   Case No.                    (if known)
Tammi L. Stirn

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14  Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 15  Accounts receivable. | x | | | |
| 16  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 17  Other liquidated debts owing debtor including tax refunds. Give particulars. | x | | | |
| 18  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | x | | | |
| 19  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->    2,700.00

_____ Continuation sheets attached

**Form B6 B W (11-95)**   *Blumberg* Excelsior, Publisher, NYC  10013

In re:  Leonard R. Stirn                    Debtor(s)   Case No.                    (if known)
     Tammi L. Stirn

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 20 Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | x | | | |
| 21 Patents, copyrights, and other general intellectual property. Give particulars. | x | | | |
| 22 Licenses, franchises, and other general intangible. Give particulars. | x | | | |
| 23 Automobiles, trucks, trailers, and other vehicles and accessories. | | 1996 Mazda Protege | | 2,500.00 |
| 24 Boats, motors, and accessories. | x | | | |
| 25 Aircraft and accessories. | x | | | |
| 26 Office equipment, furnishings, and supplies. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->   **5,200.00**

_____ Continuation sheets attached

Blumberg's Law Products    **Form B6 B W (11-95)**    **Blumberg**Excelsior, Publisher, NYC 10013

In re:  Leonard R. Stirn                              Debtor(s)    Case No.                    (if known)
        Tammi L. Stirn

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27 Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 28 Inventory. | x | | | |
| 29 Animals. | x | | | |
| 30 Crops-growing or harvested. Give particulars. | x | | | |
| 31 Farming equipment and implements. | x | | | |
| 32 Farm supplies, chemicals and feed. | x | | | |
| 33 Other personal property of any kind not already listed. Itemize. | x | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->    5,200.00

_____ Continuation sheets attached

**Form B6 C W (11-95)**

In re: Leonard R. Stirn
Tammi L. Stirn

Debtor(s)   Case No.                    (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

**Debtor elects the exemptions to which debtor is entitled under (Check one box).**

☐ 11 U.S.C. § 522(b)(1): Exceptions provided in U.S.C. § 522(d). Note:  These exceptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exceptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Debtor's Residence:<br>Single Family Dwelling<br>201 Seton Place<br>Streamwood, IL 60107-1730 | 735 ILCS 5/12-901 | 15,000.00 | 140,000.00 |
| Cash on Hand<br>($694.00 Advanced as Legal<br>  Fees and Court Filing Fees<br>  to Dennis G. Knipp) | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,000.00 |
| TV and Furniture | 735 ILCS 5/12-1001(b) | 1,000.00 | 1,200.00 |
| Clothing | 735 ILCS 5/12-1001(a) | 500.00 | 500.00 |
| 1996 Mazda Protege | 735 ILCS 5/12-1001(c) | 1,200.00 | 2,500.00 |

Form B6 D W (12/03)

In re: Leonard R. Stirn                                    Debtor(s)  Case No.
       Tammi L. Stirn

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C #  1502559279 | | | VALUE $     140,000.00 | 113,262.83 | | |
| Chase Manhattan Mortgage Corporation 3415 Vision Drive Columbus, OH 43219 | | | First Mortgage on Residence: 201 Seton Place Streamwood, IL 60107-1730 | | | |
| A/C #  1502559279 | | | VALUE $     140,000.00 | 18,052.84 | | |
| Chase Manhattan Mortgage Corporation 3415 Vision Drive Columbus, OH 43219 | | | First Mortgage Arrearage on Residence: 201 Seton Place Streamwood, IL 60107-1730 | | | |
| A/C #  03CH10665 | | | VALUE $ | | | |
| Chase Manhattan Mtge.Corp. c/o Codilis&Associates,PC. 15W030 North Frontage Rd. Suite 100 Burr Ridge, IL 60527 | | | For Notification Purposes First Mortgage on Residence: 201 Seton Place, Streamwood, IL 60107-1730 | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |

Subtotal -> (Total of this page)      131,315.67

Total ->      131,315.67

_____  Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.        (Report total also on Summary of Schedules)

Blumberg Excelsior, Publisher, NYC 10013

**Form B6 E W (Rev 4/04)**

In re: Leonard R. Stirn                                    Debtor(s)   Case No.                    (if known)
       Tammi L. Stirn

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4925 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(3)

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4925 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ] **Deposits by individuals**
Claims of individuals up to a maximum of $2225 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

[ ] **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(8).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE (See Instructions) | CO DE BT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | C U D * |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | Subtotal -> (Total of this page) | |
|---|---|---|

___x__ Continuation Sheets attached.

| | Total -> (use only on last page of the completed Schedule E.) | |
|---|---|---|

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.    (Report total also on Summary of Schedules)

**FORM B6F(Official Form6F) (12/03)**   Blumberg Excelsior, Publisher, NYC  10013

Debtor Leonard R. Stirn
In re: Tammi L. Stirn                                                                    Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | C O D E B T O R | H U S B A N D W I F E J O I N T E R C O M M U N I T Y | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| 4254481600679333<br><br>B-First, LLC<br>Mail Stop 550<br>2101 Fourth Avenue<br>Suite 900<br>Seattle, WA 98121 | | H | Credit Card<br>Original Creditor:<br>Providian Financial Corp. | | | | 2,864.62 |
| 4862362140682454<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | H | Credit Card | | | | 1,046.91 |
| 4388641649317497<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | W | Credit Card | | | | 964.08 |
| 5291152103742454<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | H | Credit Card | | | | 994.18 |
| 4388641907888593<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | W | Credit Card | | | | 667.50 |
| 4388641600039759<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | W | Credit Card | | | | 1,445.47 |

Subtotal $ 7,982.76

Total $ 7,982.76

_X_ continuation sheets attached.

**FORM B6F(Official Form6F) (12/03)**    Blumberg Excelsior, Publisher, NYC  10013

**Debtor** Leonard R. Stirn
**In re:** Tammi L. Stirn                                          **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | C O D E B T O R | H U S B A N D W I F E J O I N T O R C O M M U N I T Y | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| 5291151808777732<br><br>Capital One Bank<br>P.O. Box 85167<br>Richmond, VA 23285 | | H | Credit Card | | | | 495.86 |
| 5570091789895339<br><br>Capital One F.S.B.<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | W | Credit Card | | | | 780.80 |
| 5570092099767770<br><br>Capital One F.S.B.<br>P.O. Box 85167<br>Richmond, VA 23276-0001 | | H | Credit Card | | | | 767.24 |
| 1002613744<br><br>Daimler Chrysler Services<br>North America, L.L.C.<br>1011 Warrenville Road<br>Suite 600<br>Lisle, IL 60532-0354 | | H | Def. Bal. Vehicle Loan<br>1997 Dodge Caravan<br>Vehicle Repossessed:<br>07/18/2003 & Sold on<br>09/02/2003<br>Claim # 141513 | | | | 6,916.03 |
| 141513/1002613744<br><br>Daimler Chrysler Services<br>North America, L.L.C.<br>c/o Shermeta & Adams,P.C.<br>P.O. Box 80908<br>Rochester Hills, MI 48308 | | | For Notification Purposes<br>Deficiency Balance<br>Vehicle Loan<br>1997 Dodge Caravan | | | | |
| 0172051179<br><br>Kohl's Department Stores<br>c/o Creditors Bankruptcy<br>P.O. Box 740933<br>Dallas, TX 75374 | | W | Credit Card | | | | 677.31 |

| | | |
|---|---|---|
| Subtotal | $ | 9,637.24 |
| Total | $ | 17,620.00 |

___X___ continuation sheets attached.

**FORM B6F(Official Form6F) (12/03)**   Blumberg Excelsior, Publisher, NYC 10013

Debtor Leonard R. Stirn
In re: Tammi L. Stirn                                                Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HUSBAND,WIFE JOINT,OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| HE 16105140401<br><br>Lighthouse Financial Group of Illinois, Inc.<br>P.O. Box 18512<br>Tampa, FL 33679-8512 | | W | Vehicle Title Loan<br>1988 Volvo 760<br>Vehicle No Longer in<br>Debtor's Possession<br>Vehicle Confiscated<br>& Subsequently Sold | | | | 547.65 |
| 3GP02850<br><br>MCI Residential Service<br>P.O. Box 4600<br>Iowa City, IA 52244-4600 | | W | Telephone Service | | | | 174.81 |
| 5-07-66-1433 7<br><br>Nicor Gas<br>Attn:Bankruptcy<br>P.O. Box 549<br>Aurora, IL  60507 | | | Gas Service | | | | 541.28 |
| 8688515<br><br>Palisades Collection, LLC<br>c/o Van Ru Credit Corp.<br>10024 Skokie Blvd.,Ste.2<br>Skokie, IL 60077-1109 | | W | Debt Collection<br>Credit Card<br>Original Creditor:<br>Providian National Bank<br>Original Acct. #<br>4559542700640236 | | | | 2,679.48 |
| 8505859205<br><br>Portfolio Recovery Associates, LLC<br>P.O. Box 12914<br>Norfolk, VA 23541 | | H | Credit Card<br>Previous Creditor:<br>Midland Credit Mgmt.,Inc.<br>Alternate Creditor:<br>Household Bank(SB),N.A.<br>5440450065162749 | | | | 1,040.48 |
| HP007648-00<br><br>Short Term Loans, L.L.C.<br>1400 E. Touhy Avenue<br>#108<br>Des Plaines, IL 60018 | | H | Personal Loan | | | | 400.00 |

Subtotal  $  5,383.70

Total  $  23,003.70

____X____  continuation sheets attached.

**FORM B6F(Official Form6F) (12/03)**   Blumberg Excelsior, Publisher, NYC  10013

**Debtor** Leonard R. Stirn
**In re:** Tammi L. Stirn                                                    **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HUSBAND WIFE JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| 5409791200481570<br><br>The Bureaus, Inc.<br>1717 Central Street<br>Evanston, IL 60204 | | | Credit Card<br>Original Creditor:<br>Providian Visa | | | | 1,740.63 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

|  |  |  |
|---|---|---|
| Subtotal | $ | 1,740.63 |
| Total | $ | 24,744.33 |

_____ continuation sheets attached.

Form B6 G W (11-95)

In re: Leonard R. Stirn
Tammi L. Stirn                                      Debtor(s)   Case No. _____ (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

**Blumberg**Excelsior, Publisher, NYC  10013

**Form B6 H W (11/95)**

In  Leonard R. Stirn
re: Tammi L. Stirn

Debtor(s)  Case No.

# SCHEDULE H - CODEBTORS

☒  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Blumberg Excelsior. Publisher, NYC 10013

Form B6 I W (11-95)

In re: Leonard R. Stirn
Tammi L. Stirn

Debtor(s)   Case No.

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status<br>Married | RELATIONSHIP<br>Son (Joshua)<br>Son (Ryan) | AGE<br>6<br>4 |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Driver | Unemployed |
| Name of Employer | Tri Air Transportation Inc. | |
| How long employed | 1.5 Months | |
| Address of Employer | 700 Larsen Lane<br>Bensenville, IL 60106-1104 | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $  2685.00 | $  0.00 |
| Estimate monthly overtime | 1007.00 | 0.00 |
| SUBTOTAL | $  3692.00 | $  0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 845.00 | 0.00 |
| b. Insurance | 0.00 | 0.00 |
| c. Union dues | 0.00 | 0.00 |
| d. Other (Specify) | | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $  845.00 | $  0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | 2847.00 | $  0.00 |
| | | |
| Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | 0.00 | 0.00 |
| Income from real property | 0.00 | 0.00 |
| Interest and dividends | 0.00 | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | 0.00 | 0.00 |
| Social security or other government assistance (Specify) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Pension or retirement income | 0.00 | 0.00 |
| Other monthly income (Specify) | | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| TOTAL MONTHLY INCOME | $  2847.00 | $  0.00 |

TOTAL COMBINED MONTHLY INCOME   $   2847.00   (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Form B6 J W (11-95)

In Leonard R. Stirn
re:Tammi L. Stirn
                                                    Debtor(s)  Case No.

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| Rent or home mortgage payment  (include lot rented for mobile home) | $ | 1011.10 |
| Are real estate taxes included? ☒ Yes  ☐ No  Is property insurance included? ☒ ☐ | | |
| Utilities  Electricity and Heating Fuel | | 187.90 |
| Water and Sewer | | 45.00 |
| Telephone | | 85.00 |
| Other | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| Home maintenance (repairs and upkeep) | | 50.00 |
| Food | | 550.00 |
| Clothing | | 90.00 |
| Laundry and dry cleaning | | 55.00 |
| Medical and dental expenses | | 50.00 |
| Transportation (not including car payments) | | 120.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | 0.00 |
| Charitable contributions | | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | | 0.00 |
| Life | | 0.00 |
| Health | | 0.00 |
| Auto | | 103.00 |
| Other | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | | 0.00 |
| | | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| Alimony, maintenance, and support paid to others | | 0.00 |
| Payments for support of additional dependents not living at your home | | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | 0.00 |
| Other | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 2347.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A.  Total projected monthly income | | 2847.00 |
| B.  Total projected monthly expenses | | 2347.00 |
| C.  Excess income (A minus B) | $ | 500.00 |
| D.  Total amount to be paid into plan each | Month | $ 500.00 |
| | (Interval) | |

Blumberg's
Law Products
Established 1887    Form 7W Stmt. of Financial Affairs (12-03)

# STATEMENT OF FINANCIAL AFFAIRS

### UNITED STATES BANKRUPTCY COURT

## Northern DISTRICT OF Illinois

In re:  Leonard R. Stirn
        Tammi L. Stirn

Debtor(s)    Case No.

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Questions 19-25. If the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

---

NONE

| |

## 01 INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 5729.68 | 2005 Year-to-Date Gross Income Leonard |
| 36000.00 | 2004 Gross Income Leonard |
| 40116.00 | 2003 Gross Income Leonard |
| 0.00 | 2005 Year-to-Date Gross Income Tammi Unemployed |

0.00        2004 Gross Income
            Tammi
            Unemployed

NONE
|X|    **02 INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS**

State the amount of income received by the debtor other than employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X|    **03A PAYMENTS TO CREDITORS**

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X|    **03B PAYMENTS TO CREDITORS**

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| |    **04A SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Chase Manhattan Mortgage Corp. vs. Leonard R. Stirn & Tammi L. Stirn Case # 03CH10665 | Mortgage Foreclosure | Circuit Court of Cook County Chancery Division | Pending |



NONE
|X| 04B SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS

Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|  | 05 REPOSSESSIONS, FORECLOSURES, AND RETURNS

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | NAME AND ADDRESS OF CREDITOR OR SELLER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| 06/01/2004 | Lighthouse Financial Group of Illinois, Inc, P.O. Box 18512 Tampa, FL 33679-8512 (Title Loan on Vehicle) | 1988 Volvo 760 Value: $1,000.00 Vehicle Confiscated (Hanover Park) & Subsequently Sold |

NONE
|X| 06A ASSIGNMENTS AND RECEIVERSHIPS

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| 06B ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE [X]   07 GIFTS

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE [X]   08 LOSSES

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE [ ]   09 PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Dennis G. Knipp<br>PMB 142<br>8926 N. Greenwood Ave.<br>Niles, IL   60714 | 06/05 | 500.00 |

NONE [X]   10 OTHER TRANSFERS

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)



NONE
| X |

## 11 CLOSED FINANCIAL ACCOUNTS

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| X |



## 12 SAFE DEPOSIT BOX

List each safe deposit or other box or depository in which the debt has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| X |

## 13 SETOFFS

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| X |

## 14 PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

NONE
| X |

## 15 PRIOR ADDRESS OF DEBTOR

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

 16  SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides with the debtor in the community property state.

 17A ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

 17B ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

 17C ENVIRONMENTAL INFORMATION

List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

 18A NATURE, LOCATION, AND NAME OF BUSINESS

If the debtor is an individual, list the names, addresses, taxpayer indentification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.
If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.
If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

NONE
[X]    18B NATURE, LOCATION, AND NAME OF BUSINESS

Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

Blumberg Excelsior, Publisher, NYC  10013



**Unsworn Declaration SFA**
**W (12/03)**

In re:  Leonard R. Stirn
        Tammi L. Stirn                                          Debtor(s)   Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 06/15/05                              Signature /s/ Leonard R. Stirn
                                                      Leonard R. Stirn  Debtor

Date 06/15/05                              Signature /s/ Tammi L. Stirn
                                                      Tammi L. Stirn (Joint Debtor, if any)
                                           (if joint case, both spouses must sign.)

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number
                                                               (Required by U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets confirming to the appropriate Official Form for each person.
X
Signature of Bankruptcy Petition Preparer                      Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affaris, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
Continuation sheets attached

Date                              Signature_____

                                           (Print or type name of individual signing on behalf of debtor.)
           (An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.

Form B8 (Official Form8) (12/03) Blumberg Excelsior, Publisher, NYC 10013

## Form 8. INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**UNITED STATES BANKRUPTCY COURT** Northern      **DISTRICT OF** Illinois

In re: Leonard R. Stirn     Tammi L. Stirn      Debtor(s)     Case No.   Chapter 13

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   *a. Property to Be Surrendered.*

   **Description of property**        **Creditor's name**

*b. Property to Be Retained.*        *[Check any applicable statement.]*

| Description of Property | Creditor's name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| | | | | |

Date: 06/15/05   /s/ Leonard R. Stirn
Signature of Debtor

/s/ Tammi L. Stirn
Signature of Co-Debtor

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer

**Social Security No.**
(Required by 11U.S.C. § 110(c))

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____
Signature of Bankruptcy Petition Preparer      Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Form B6 Cont. W (12-03)**

In re: Leonard R. Stirn
　　　Tammi L. Stirn
　　　　　　　　　　　　　　　　　　　　　　　Debtor(s)　Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____18_____ sheets, and
that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date 06/15/05　　　　　　　　　Signature /s/ Leonard R. Stirn _____
　　　　　　　　　　　　　　　　　Leonard R. Stirn　　　　　　　Debtor
Date 06/15/05　　　　　　　　　Signature /s/ Tammi L. Stirn _____
　　　　　　　　　　　　　　　　　Tammi L. Stirn　　　　(Joint Debtor, if any)
　　　　　　　　　　　　　　　(if joint case, both spouses must sign.)

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have
provided the debtor with a copy of this document.

_____　　　_____
Printed or Typed Name of Bankruptcy Petition Preparer　　Social Security Number
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Required by 11U.S.C. § 110(c).)
_____
Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets confirming to the appropriate Official Form for each person.

X_____　　_____
Signature of Bankruptcy Petition Preparer　　　　　　　Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines
or imprisonment or both.*

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I, the _____ (the president or other officer or an authorized agent of the corporation
or a member or an authorized agent of the partnership) of the _____ (corporation or partnership)
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
___18___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date _____　　　　　Signature_____

　　　　　　　　　　　　　　　　(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. § 152 and 3571.



BlumbergExcelsior, Publisher, NYC 10013

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT    Northern DISTRICT OF Illinois

In    Leonard R. Stirn
re:   Tammi L. Stirn

Debtor(s)    Case No.                (if known)

## STATEMENT
**Pursuant to Rule 2016(b)**

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)  for legal services rendered or to be rendered in comtemplation of and in connection
       with this case                                                                    $        2200.00
    (b)  prior to filing this statement, debtor(s) have paid                             $         500.00
    (c)  the unpaid balance due and payable is                                          $        1700.00

(3)  $ 194.00                              of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:

    (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
       petition under title 11 of the United States Code.

    (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c)  representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed, and
    No Exceptions

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed, and
    No Exceptions

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:
    No Exceptions

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:
    No Exceptions

/s/ Dennis G. Knipp

Dated:  06/15/05        Respectfully submitted,  Dennis G. Knipp          **Attorney for Petitioner**

**Attorney's name and address**

Dennis G. Knipp PMB 142, 8926 N. Greenwood Ave.,Niles,IL60714

3092 Clerk's Notice, W(11/03)

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S)

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises

I, the debtor, affirm that I have read this notice.

| | /s/ Leonard R. Stirn | |
|---|---|---|
| Date | Signature of Debtor | Case Number |
| | /s/ Tammi L. Stirn | |
| Date | Signature of Co-Debtor | |